HAROLD C. WEINER, Respondent, v. BEST HOMES, INC., Appellant.— In an action by the purchaser, under a contract for the conveyance of real property, for specific performance or damages, the answer, which was served before the date set by the contract for delivery of a deed, asserts a defense that the seller is ready, willing, and able to perform provided that the purchaser perform. Order granting plaintiff's motion to strike out the defense as insufficient in law reversed, without costs, and the motion denied, without costs. Under the peculiar facts of the case it cannot be held as matter of law that the defense as alleged is insufficient. Lewis, P. J., Adel and Aldrich, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum in which Nolan, J., concurs: This is an action for the specific performance of a contract made by the parties on the 5th day of June, 1945, for the purchase and sale of a lot at Merrick, Nassau County, upon which property the defendant, the seller, was to erect a one-family house and convey the improved property to the plaintiff for $8,000. The contract provided for delivery of the deed within seven months. Five hundred dollars was paid on the signing of the agreement and thereafter the defendant refused to accept the further sum of $500 on account of the purchase price due under the agreement after the plaintiff had procured the approval of the War Priorities Board, as provided in the agreement, upon the ground that it had decided to convey the property to a third party and therefore would not perform the contract on its part. It is alleged specifically in the complaint that the plaintiff had performed all the conditions of the contract on his part and has always been and still is ready, willing and able to perform in all respects, " but the said defendant heretofore and subsequent to the said 5th day of June, 1945, represented and advised the plaintiff it had contracted subsequent to the said 5th day of June, 1945, to convey the above mentioned real property to another and different party or to other and different parties than the plaintiff, and it will therefore, not convey the said real property to the plaintiff with the said improvement thereon as aforesaid, and it still refuses so to do." Damages are claimed in the event that defendant is unable to perform. In the answer, the material allegations of the complaint are denied, except the making of the contract and the payment of the sum of $500 under the contract. A separate and distinct defense is alleged, in effect that the defendant is " ready, willing, and able to perform the terms and conditions of said contract on its part to be performed, provided that the plaintiff perform all of the terms and conditions on his part to be performed " and demands judgment dismissing the complaint. There is no affirmative allegation that the plaintiff did not perform. It necessarily follows that, if the allegations of the complaint are true, the allegations in the separate defense must be false and are insufficient to defeat the plaintiff's cause of action. Upon such a motion as this, to strike out the separate defense, the court must assume the truth of the allegations of the complaint and, if the plaintiff's cause of action as alleged is established, the affirmative defense must fail. (*Richard*

v. *American Union Bank,* 253 N. Y. 166.) Recognizing it to be true that matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense (3 Carmody on New York Pleading and Practice, § 988), the discretion of the Special Term in striking it out should not be disturbed. New matter which cannot be proved under a general denial, constituting a defense or counterclaim, may be pleaded. (Civ. Prac. Act, § 261.) The pleaded defense does not meet this test. [See *post,* p. 1046.]